# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **EP-14-CR-00651(8)-DCG** |
| | § | |
| **RICARDO POSADA** | § | |
| | § | |

## ORDER DENYING MOTION FOR RELIEF FROM MANDATORY DENTENTION PENDING SELF–SURRENDER PURSUANT TO 18 U.S.C. §1345(c)

On May 26, 2015, the Court denied Defendant Ricardo Posada's ("Defendant" or "Posada") "Motion for Relief from Mandatory Detention Pending Self–Surrender Pursuant to 18 U.S.C. §1345(c) [sic]" ("Motion") (ECF No. 475), filed on May 21, 2015. *See* ECF No. 483. Therein, Posada argued that "exceptional reasons" existed to grant discretionary relief from the mandatory detention provisions of § 3143(a)(2). *See* Mot. 5–8. The Court now enters the following order, expounding on its May 26, 2015, ruling from the bench.

### I. BACKGROUND

Posada was indicted on October 1, 2014, in part, for conspiracy to possess with intent to distribute 100 kilograms or more of marijuana under 21 U.S.C. § 846. Following his arrest on November 5, 2014, Posada pled guilty before a United States Magistrate Judge to that count pursuant to a plea agreement with the United States of America ("the government") on March 3, 2015. He was released on bond pending sentencing on March 12, 2015. Posada was initially scheduled to be sentenced on May 21, 2015, but was rescheduled to May 26, 2015 to allow the Court to hear argument on the issue raised by the instant Motion. On May 26, 2015, the Court heard argument as to why Posada should not be immediately detained pursuant to 18 U.S.C.

§3143(a)(2). The government did not oppose such relief. Even so, the Court determined that the mandatory detention provisions of § 3143(a)(2) applied and ordered Posada detained following his sentencing.

## II.  LEGAL STANDARD

Section 3143(a)(2) of Title 18 of the United States Code mandates that defendants convicted of an offense described in subparagraph (A), (B), or (C) of § 3142(f)(1) must be detained pending sentencing or execution of sentence unless (1) the court finds that there is a substantial likelihood that a motion for acquittal or a new trial will be granted or the government recommends that no sentence of imprisonment be imposed; and (2) the court finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to any person or the community. *See* 18 U.S.C. § 3143(a)(2)(A)–(B). Section 3142(f)(1) includes crimes of violence, offenses carrying a maximum sentence of life imprisonment or death, and drug crimes with a maximum term of ten years or more. *See* 18 U.S.C. § 3142(f)(1)(A)–(C); *see also U.S. v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991) (*per curiam*) (stating that it is the statutory maximum sentence, not the likely sentence under the Sentencing Guidelines, that determines whether § 3143(a)(2) applies).

Thus, § 3143(a)(2) typically requires detention absent the existence of the two very narrow exceptions identified within subparagraphs (A) and (B). The Fifth Circuit, however, has determined that a person subject to detention under § 3143(a)(2) may nevertheless be released if there are "exceptional reasons" why such person's detention would not be appropriate, as described in 18 U.S.C. § 3145(c). *See Carr*, 947 F.2d at 1240.

Section 3145(c) "was . . . designed to provide an avenue for exceptional discretionary relief" from § 3143(a)(2). *Id.* at 1240. It grants United States district judges the discretion to

order the release of a person subject to detention under § 3143(a)(2) if the conditions set forth in

§ 3145(c) and § 3143(a)(1) are met.  Meaning, such person may be released if "there are

exceptional reasons why [his] detention would not be appropriate," and there is clear and

convincing evidence that he is not likely to flee or pose a danger to the safety of any other person

or the community if released pending sentencing.  *See* 18 U.S.C. §§ 3143(a)(1), 3145(c).

### III.  ANALYSIS

Posada seeks relief from the application of the mandatory detention provision of §

3143(a)(2).  Because Defendant Posada pled guilty under 21 U.S.C. § 846 and faces ten or more

years of imprisonment and the government is not recommending no term of imprisonment,

neither subparagraphs (A)(i) or (A)(ii) of § 3143(a)(2) are applicable.  Posada and the

government agree that based on his circumstances and his compliance with the conditions of his

pretrial release, there is clear and convincing evidence that he is not likely to flee or pose a

danger to the safety of any other person or the community if released pending sentencing.

Assuming without deciding that the Court shares that belief, Posada may be released if he shows

"exceptional reasons" that justify the continuation of his bond pending sentencing under §

3145(c).  Posada's reasons include: 1) to secure basic housing for his mother as well as manage

her financial affairs; 2) to provide financial, physical, and spiritual help to his mother; and 3) to

arrange his own personal affairs.  *See* Mot. 7–8.  The government does not oppose the requested

relief.

The Fifth Circuit has not provided guidance on what constitutes "exceptional reasons"

under § 3145(c).  Posada therefore draws support for his argument from various district courts

located across the country.  *See, e.g., United States v. Rentas*, No. 09 CR 555 (HB), 2009 WL

3444943, at *2 (S.D.N.Y. Oct. 26, 2009) (finding that "exceptional reasons" were present when

defendant was a "long–time employee, non–violent with no significant prior record, ha[d] demonstrated her willingness to comply with release conditions, ha[d] cooperated with the government, and [was] a single–mother with a child with medical issues"); *United States v. Price*, 618 F. Supp. 2d 473, 475 (W.D.N.C. 2008) (finding that a defendant's pregnancy and the impending birth of the child constituted exceptional circumstances meriting release); *United States v. Mitchell*, 358 F. Supp. 2d 707, 708–09 (E.D. Wis. 2007) (finding that "exceptional reasons" were present where the defendant had fully cooperated with the government, performed well in pretrial release, renounced criminal activities, secured full–time employment, successfully passed all drug screenings, and fulfilled all of his familial responsibilities, including paying child support); *United States v. Reboux*, No. 5:06–CR–451 (FJS), 2007 WL 4409801, at *2 (N.D.N.Y. Dec. 14, 2007) (holding that "exceptional reasons" for release existed where the defendant underwent "self–improvement" through his "faith community and work environment," and was completely and unconditionally cooperative with the federal authorities); *United States v. Hooks*, 330 F. Supp. 2d 1311, 1312 (M.D. Ala. 2004) (releasing mother to make arrangements for care of her three children and noting that "her immediate detention would punish her children"); *United States v. Cantrell*, 888 F. Supp. 1055, 1057–58 (D. Nev. 1995) (finding "exceptional reasons," in part, because defendant had already been prosecuted for the crime by a tribal court, "ha[d] been participating in a substance abuse program, and . . . would benefit more from outpatient treatment . . . than from incarceration"). A distinguishing factor that made the circumstances exceptional in many of the cases cited by Posada is the reliance of others on the individual to be incarcerated.

But not all of the cases cited by Posada support his position. *See United States v. Sabhnani*, 529 F. Supp. 2d 377, 381–83 (E.D.N.Y. 2007) (releasing one defendant who was

solely responsible for a business because he had "various employees who [were] dependent upon their jobs, salaries and benefits" but denying relief as to the other defendant who had young children to care for because "[i]ncarceration always is associated with severe familial inconvenience"). One case in particular was explicitly rejected in a subsequent ruling by its circuit court of appeals. *See United States v. Charger*, 918 F. Supp. 301, 304 (D.S.D. 1996) (finding that a defendant's ongoing alcohol treatment was an exceptional reason and that he would benefit from time together with his family to heal and pray), *abrogated by United States v. Brown*, 368 F.3d 992, 993 (8th Cir. 2004) (*per curiam*).

In *Brown*, the Eighth Circuit Court of Appeals found that the reasons relied upon by district court did not meet the "exceptional reasons" standard. *See Brown*, 368 F.3d at 993 (citing *United States v. Koon*, 6 F.3d 561, 563 (9th Cir.1993) (Rymer, J., concurring in denial of rehearing en banc) (defining "exceptional" as used in § 3145(c) as "clearly out of the ordinary, uncommon, or rare")). The district court had released the defendant pending sentencing based on his participation in a treatment program and his possible mistreatment if he were detained in a local jail while awaiting assignment. *See id.* The *Brown* court rejected these reasons and agreed with cases holding that a defendant's need for continued participation in a treatment program was not an exceptional reason and disagreed with cases holding otherwise, including *Charger*. *See id.* It further noted that the risk of mistreatment in a local jail was no different for the defendant than for others convicted of similar offenses. *See id.* The Eighth Circuit has highlighted the exceptional nature of the circumstances required for relief under § 3145(c) in subsequent cases. *See, e.g., United States v. Mahoney*, 627 F.3d 705, 706 (8th Cir. 2010) (*per curiam*) (finding that "do[ing] remarkably well on release" is not an exceptional circumstance justifying release pending sentencing); *United States v. Larue*, 478 F.3d 924, 925–26 (8th Cir.

-5-

2007) (*per curiam*) (finding that the defendant's compliance with the terms of his pretrial release, his lack of a criminal record, his payment of child support, and his ongoing employment were not "exceptional reasons"); *United States v. Little*, 485 F.3d 1210, 1210–11 (8th Cir. 2007) (*per curiam*) (holding that the misconduct of law enforcement officers in procuring defendant's arrest, his cooperation in the investigation and compliance with the terms of his pretrial release conditions, and his timely appearance at all court proceedings were not "exceptional reasons" that were "clearly out of the ordinary, uncommon, or rare").

The Second Circuit has also weighed in and reached a similar conclusion as the Eighth Circuit. In *United States v. Lea*, 360 F.3d 401 (2d Cir. 2004), the court reversed the district court's order allowing the defendant to remain on bond pending sentencing. The court construed "exceptional" as meaning "a unique combination of circumstances giving rise to situations that are out of the ordinary." *See Lea*, 360 F.3d at 403 (quoting *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). It also favorably cited *United States v. Lippold,* 175 F. Supp. 2d 537, 540 (S.D.N.Y. 2001), which stated that "circumstances that are 'purely personal' do not typically rise to the level of 'exceptional' warranting release." *See id.* The court then concluded that there was "nothing 'exceptional' about going to school, being employed, or being a first–time offender, either separately or in combination" that merited the defendant's release pending sentencing. *See id.* at 403–04; *see also Lippold*, 175 F. Supp. 2d at 540–41 (holding that taking care of three young children, one of whom suffered from a serious medical condition, and being needed at work were purely personal circumstances, not exceptional reasons for release).

The Court is persuaded by the reasoning of the Eighth and Second Circuits. Defendant does not cite to and the court's own review of the case law did not find any published, circuit court opinion supporting Posada's contention that his circumstances are exceptional. Although

-6-

the Tenth Circuit in *United States v. Mutte*, 383 F. App'x 716, 718 (10th Cir. 2010) (*per curiam*), affirmed the district court's order of release pending sentencing largely based on the defendant's compliance with the conditions of his pretrial release, that opinion is unpublished.  Further diminishing its persuasiveness, the Tenth Circuit later ignored it in another unpublished opinion, *United States v. Velarde*, 555 F. App'x 840, 841 (10th Cir. 2014), when it held that "mere personal reasons, including caring for a family or gainful employment, are not 'exceptional.'" *Velarde*, 555 F. App'x at 841 (quoting *United States v. Miller*, 568 F. Supp. 2d 764, 774 (E.D. Ky. 2008)).  The *Velarde* court cited the Eighth Circuit's decision in *Larue*, which had found that compliance with the terms of a defendant's pretrial release was not an "exceptional reason." *See id.*; *see also Larue*, 478 F.3d at 925.  The *Velarde* court reasoned that if caring for family and putting to order business affairs were exceptional, "virtually every defendant could invoke § 3145(c) simply by postponing efforts to arrange personal affairs until sentencing was imminent." *Velarde*, 555, F. App'x at 841.

Similarly, none of Posada's reasons rise to an "exceptional" level.  Notably, the question presented is whether there are any "exceptional reasons" in the case which would permit Posada to escape the otherwise mandatory requirement of § 3143(a)(2) — that he be immediately confined following sentencing for the qualifying offense he committed.  It is his burden to show that "exceptional reasons" exist why his detention would be inappropriate, not why his release would be appropriate.

Each of his proffered reasons may, on its own, be an appropriate reason for release, but none is an "exceptional reason" for why his detention would be inappropriate given the statutory mandate.  Each reason involves a purely personal matter that individually, and in combination, is no more out of the ordinary and no more unique than those of other persons subject to detention.

-7-

It is a natural, if unfortunate, byproduct of the criminal justice system that one's personal affairs will be disrupted and that others beyond the defendant, most likely family, will feel the effects of his incarceration. *See United States v. Scott*, No. 1:95–CR–80–1, 1995 WL 723752, at *2 (E.D. Tex. Nov. 22, 1995) (finding that the need to assist an infirm parent did not demonstrate an "exceptional reason" because "a defendant's incarceration regularly creates difficulties for him and his family" (quoting *United States v. Mahabir*, 858 F. Supp. 504, 508 (D. Md. 1994))). However, this does not alter the personal nature of those effects and disruptions.

That the government does not oppose the relief sought and that Posada has complied with all of the terms of his pretrial release are also unremarkable and unexceptional reasons. In regards to the latter, the Court expects all individuals who avail themselves of pretrial release to comply with the conditions of their bond. That Posada has done so is commendable, but it is not an exceptional reason to delay his detention. In fact, Posada has already enjoyed the fruits of his labor by remaining out on bond while his case was pending. As to the former, like the other reasons Posada advances, the government's non–opposition is a reason why release would be appropriate, but not a reason why his immediate detention would be inappropriate in light of Congress' explicit preference for immediate detention.

Accordingly, the Court finds that the "exceptional reasons" clause of 18 U.S.C. §1345(c) is inapplicable and that Posada should be detained pending sentencing pursuant to 18 U.S.C. § 3143(a)(2).

## IV.   CONCLUSION

**IT IS HEREBY ORDERED THAT** Defendant Ricardo Posada's "Motion for Relief from Mandatory Detention Pending Self–Surrender Pursuant to 18 U.S.C. §1345(c)" (ECF No. 475) is **DENIED**.

So ORDERED and SIGNED this 3rd day of June, 2015.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE